UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NOEL ARROYO-BEY,

                    Plaintiff,

          – *against* –

THOMAS A. WARD, *and* CITY OF NEW YORK,

                    Defendants.

**ORDER**

25-cv-6958 (ER)

Ramos, D.J.:

    Noel Arroyo-Bey, proceeding *pro se*, filed this action on August 22, 2025, against defendants Police Officer Thomas A. Ward and the City of New York.  Doc. 1.  He alleged violations of 42 U.S.C. § 1983 and state law based on Defendants' labeling him a "sovereign citizen" in a police report.  *Id.*  On January 8, 2026, Defendants filed a motion to dismiss, which was fully briefed on February 18, 2026.  *See* Docs. 21–24.

    On March 22, 2026, Arroyo-Bey filed a motion to amend the complaint.  Doc. 25. He did not include the proposed amended complaint but stated that he sought leave "to address any alleged deficiencies and to more clearly articulate the factual and legal basis of his claims."  *Id.*  On April 1, 2026, the City of New York filed an opposition letter arguing that Arroyo-Bey should be denied leave to amend the complaint because:  (1) he failed to comply with the Local Rule 15.1 requirements, and (2) based on his description of the proposed amendment, it would be futile.  Doc. 27.[1]  Arroyo-Bey filed a reply letter on April 2, 2026, arguing that he plans to allege that the designation of sovereign citizen is derogatory, prejudicial, and creates a risk of adverse treatment; that he was subject to

---

[1] Defendants also point out that in Arroyo-Bey's opposition to their motion to dismiss, he already included allegations concerning constitutional violations that were absent from his initial filing.  Doc. 27.

adverse treatment by government actors; that his liberty interests were adversely effected; and that this conduct reflects institutional tolerance or practice.  Doc. 28.

As Arroyo-Bey is proceeding *pro se*, and as it is clear that he intends to amend his complaint to include additional information regarding his constitutional injuries as well as to include allegations that his experience was a part of a city-wide practice, the Court grants him leave to file an amended complaint.  *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000) ("A district court has broad discretion in determining whether to grant leave to amend."); *see also Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) ("The district court generally 'has broad discretion to determine whether to overlook a party's failure to comply with local court rules.'" (internal citations omitted)).

Defendants' motion to dismiss is denied without prejudice as moot.  *See GGC International Limited v. Ver*, No. 24 Civ. 1533 (JPC), 2025 WL 81319, at *1 (S.D.N.Y. Jan. 13, 2025) ("[G]ranting the motion for leave to amend moots the pending motions to dismiss.") (quoting *Cummins, Inc. v. New York Life Insurance*, No. 10 Civ. 9252 (TPG), 2012 WL 3870308, at *2 (S.D.N.Y. Sept. 6, 2012)).  Defendants are granted leave to renew their motion after Arroyo-Bey files an amended complaint.

Arroyo-Bey must file the amended complaint by April 24, 2026.  The Clerk of Court is respectfully directed to terminate the motions, Docs. 21, 25.

It is SO ORDERED.

Dated:    April 3, 2026
      New York, New York

_____
EDGARDO RAMOS, U.S.D.J.